```
           IN THE UNITED STATES DISTRICT COURT
         FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
                      JACKSON DIVISION
```

RANDALL MARQUIS MASON, HCDC #87490                              PLAINTIFF

VERSUS                              CIVIL ACTION NO. 3:12-cv-275-TSL-MTP

SHERIFF TYRONE LEWIS, et al.                                   DEFENDANTS

                         MEMORANDUM OPINION

On April 23, 2012, the plaintiff filed a complaint pursuant to 42 U.S.C. § 1983 and requested in forma pauperis status. This court entered two separate orders [3 & 4] on April 23, 2012. One order [3] directed the plaintiff to sign and return an Acknowledgment of Receipt and Certification (Form PSP-3) or a Notice of Voluntary Dismissal (Form PSP-4), within thirty days. The second order [4] entered on April 23, 2012, directed the plaintiff to file a completed application to proceed in forma pauperis, specifically the section entitled "Certificate to Be Completed by Authorized Officer" of prison accounts or file an affidavit specifically stating the name of the prison official contacted concerning the Certificate and why this information is not provided to this court, within thirty days. Even though the plaintiff was warned that failure to comply with any order of this court could result in the dismissal of the instant civil action, the plaintiff failed to comply with the orders [3 & 4].

Out of an abundance of caution, on June 19, 2012, the plaintiff was ordered to show cause in writing on or before July 12, 2012, why this case should not be dismissed for his failure

to comply with the court's orders [3 & 4] of April 23, 2012. The plaintiff was once again warned in the order of June 19, 2012, that if he did not comply with the court orders his case could be dismissed.

The order to show cause was mailed to the plaintiff's last known address. On July 5, 2012, the envelope [6] containing the June 19, 2012, order was returned by the postal service with a notation "Return to Sender."

Since filing the instant complaint on April 23, 2012, the plaintiff has failed to communicate with the court, either to inquire as to the status of his case or to provide the court with a current address. Therefore, this court finds the plaintiff's failure to communicate with this court indicates that he lacks interest in pursuing this claim.

This court has the authority to dismiss an action for the plaintiff's failure to prosecute under Rule 41(b) of the FEDERAL RULES OF CIVIL PROCEDURE and under its inherent authority to dismiss the action sua sponte. See Link v. Wabash Railroad, 370 U.S. 626 (1962); McCullough v. Lynaugh, 835 F.2d 1126 (5th Cir. 1988). The court must be able to clear its calendars of cases that remain dormant because of the inaction or dilatoriness of the parties seeking relief, so as to achieve the orderly and expeditious disposition of cases. Such a sanction is necessary in order to prevent undue delays in the disposition of pending

cases and to avoid congestion in the calendars of the court. Link, supra, 370 U.S. at 630.

Since the defendants have never been called upon to respond to the plaintiff's pleading, and have never appeared in this action, and since the court has never considered the merits of plaintiff's claims, the court's order of dismissal will be without prejudice.  Shaw v. Estelle, 542 F.2d 954 (5th Cir. 1976).

A final judgment in accordance with this memorandum opinion will be entered.

This the  2nd   day of August, 2012.


                              /s/Tom S. Lee                    
                              UNITED STATES DISTRICT JUDGE